UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Randy L. Feltman,                                )
                                                 )
       Plaintiff,                        )
                                                 )
       v.                                )   No. 06 CV 2379
                                                 )
Blatt, Hasenmiller, Leibsker & Moore, LLC,       )
and Portfolio Acquisitions, LLC,                 )
                                                 )
       Defendants.                       )
                                                 )

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Plaintiff Randy Feltman filed a three count complaint against defendants Portfolio Acquisitions, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC, alleging violations of the Federal Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. § 505/1, *et seq.* (Compl. ¶¶ 14-29.) Presently before us is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, we deny the motion.

### Background

Portfolio Acquisitions, LLC ("Portfolio"), a debt collector, purchased a charge account from GE Capital Consumer Card Co. belonging to Randy Feltman. (Compl. ¶ 4; Mot. to Dismiss Ex. A ¶ 3.) According to Portfolio, Feltman charged $6324.96 on her GE card, but failed to make payments in accordance with the terms of the Charge Agreement. (Mot. to Dismiss Ex. A ¶ 2-4.) As a result, Portfolio, through its attorneys Blatt, Hasenmiller, Leibsker & Moore, L.L.C.

1

("Attorneys"), filed a complaint in the Circuit Court of Cook County, Illinois, seeking collection on her account. (*Id.* ¶¶ 1-5.) In response, Feltman filed a motion to dismiss the state action on two grounds: first, the pleading was deficient pursuant to 735 Ill. Comp. Stat. § 5/2-615 because Portfolio failed to attach a copy of the Charge Agreement, which served as the basis for the lawsuit; and second, pursuant to 735 Ill. Comp. Stat. § 5/2-619(a)(9), the claim was "barred by other affirmative matter avoiding the legal effect or otherwise defeating the claim[]" because Portfolio violated the FDCPA, 15 U.S.C. § 1692(g). (*Id.* Ex. B ¶¶ 2-13.)

Challenging the motion to dismiss, Portfolio argued that the complaint properly notified Feltman of the charges against her. Also, Portfolio argued that the propriety of invoking § 5/2-619(a)(9) as a basis for dismissal since a "claim under the FDCPA is a separate cause of action and does not serve as a discharge of the underlying debt." (*Id*. Ex. C at 5.) Nonetheless, Portfolio addressed the merits of Feltman's allegation, contending that it complied with § 1692(g).[1] The state court granted Feltman's motion to dismiss (without prejudice) pursuant to § 5/2-615, but denied the motion insofar as it was based on § 5/2-619(a)(9). (*Id.* Ex. E ¶¶ 1-2.)

On April 28, 2006, while the motion to dismiss the state court action was pending, Feltman filed a three count complaint in the Northern District of Illinois against Portfolio and Attorneys ("Defendants") alleging violations of the FDCPA and the Illinois Consumer Fraud

---

[1] Portfolio claimed that it placed Feltman's delinquent account with Blatt, Hasenmiller, Leibsker & Moore, L.L.C., around April 5, 2005 and then sent Feltman an initial demand and the proper notice two days later pursuant to § 1692g. (Mot. to Dismiss Ex. C at 1.) Portfolio filed the state action on June 8 after failing to receive a response from Feltman. (*Id*.) Feltman's attorneys advised Portfolio that Feltman disputed the debt in February 2006, at which time Portfolio agreed to supply a "fraud handling form" for Feltman to submit. (*Id.*) Rather than return that form, which was mailed on March 1, Feltman filed a motion to dismiss the state action on March 27. (*Id.* at 2.)

2

Act, 815 Ill. Comp. Stat. § 505/1, *et seq.* (Compl. ¶¶ 14-29.) Presently before us is Defendants'[2] motion to dismiss the complaint on the basis that the allegations are "duplicative of a collection action filed by Portfolio ... against Feltman" and because the alleged FDCPA violations were raised, argued, and ultimately ruled upon as part of the motion to dismiss the state action. (Mot. to Dismiss ¶¶ 1-2.) Plaintiff responds that the state court did not rule on the merits of the alleged FDCPA violation and that claims brought under the FDCPA are distinct from claims brought on the underlying debt. (Resp. to Mot. to Dismiss at 3-4.)

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not decide the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir.1989)). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005); *Thompson v. Illinois Dep't of Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002).

## DISCUSSION

As a threshold matter, Feltman's FDCPA claim is not duplicative of the underlying state court debt collection action. The Seventh Circuit recognizes that a claim brought under the FDCPA is distinct from a claim for collection on the underlying debt because "an FDCPA action is not an action to establish a debt but an action contesting the method of collection of that debt." *Adair v. Sherman,* 230 F.3d 890, 896 (7th Cir. 2000); *see Keele v. Wexler,* 149 F.3d 589, 594

---

[2] Portfolio joined Attorneys' motion on June 22, 2006.

(7th Cir. 1998) ("[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists."). Therefore, the existence of a state court action to recover a debt does not, standing alone, preclude plaintiff from raising an FDCPA claim in federal court.[3]

However, defendants contend that the FDCPA claims are precluded because Feltman voluntarily raised the allegations in her motion to dismiss the state action and the state court denied that portion of the motion. (Reply to Mot. to Dismiss at 1 ("Feltman attempted to litigate her purported FDCPA claims in the state court and, after she was unsuccessful in doing so, is now attempting to litigate those same claims in federal court.")) Illinois applies the doctrines of *res judicata* and collateral estoppel to preclude individuals from re-litigating claims and issues that have been "finally determined between the parties on the merits, by a court of competent jurisdiction[.]" *Charles E. Harding Co. v. Harding*, 352 Ill. 417, 426, 186 N.E. 152, 155 (Ill. 1933). "[T]o constitute res judicata a decision must involve: (1) identity of parties ... in the two suits; (2) identity of causes of action in the prior and current suit; and (3) a final judgment on the merits in the prior suit.'" *Lolling v. Patterson,* 966 F.2d 230, 235 (7th Cir. 1992) (quoting *Schlangen v. Resolution Trust Corp.,* 934 F.2d 143, 145-46 (7th Cir. 1991)); *Harding*, 352 Ill. at 426-27. In contrast, collateral estoppel applies where: "(1) the issue [previously] decided ... [is] identical to the [issue] in the [current] suit; (2) there was a final judgment on the merits ...; (3)

---

[3] In addition, since an FDCPA claim challenging debt collection practices does not stem from the same transaction(s) or occurrence(s) that created the underlying, allegedly unpaid, debt, individuals are not restricted to raising violations of the FDCPA as a counterclaim to a state court action to recover on a debt. *See* Fed. R. Civ. P. 13(a); *Peterson v. United Accounts,* 638 F.2d 1134, 1137 (8th Cir. 1981). The FDCPA provides concurrent jurisdiction for violations of the statute, thus Feltman was free to bring her claim in federal court. 15 U.S.C.A. § 1692k(d).

4

the party against whom estoppel is asserted was a party to the prior action ...; and (4) the factual issue ... has actually and necessarily been litigated and determined in the prior action." *Boelkes v. Harlem Consolidated Sch. Dist. No. 122*, 363 Ill. App. 3d 551, 554, 842 N.E.2d 790, 795 (2d Dist. 2006). Whether the doctrine of *res judicata* or collateral estoppel should bar plaintiff from litigating her FDCPA claims in federal court involves analysis of the nature of and ruling on the motion to dismiss the state court action.[4]

In her motion to dismiss the state action, Feltman argued that the FDCPA served as an "affirmative matter avoiding the legal effect or otherwise defeating the claim." (Mot. to Dismiss Ex. B ¶ 7.) In sum, she asked the judge to dismiss the underlying debt collection action because Portfolio, the plaintiff in that suit, allegedly violated the FDCPA by failing to send the proper notice of the debt and her rights to dispute it ("validation notice"). (*Id.* ¶¶ 8-13.)

Feltman also referred to § 1692g, which provides that a debt collector must cease all collection activities when the alleged debtor disputes the debt in writing within thirty days from receipt of the validation notice. 15 U.S.C. § 1692g(b); (Mot. to Dismiss Ex. B ¶ 9.) It is unclear whether she intended to argue that § 1692g(b) served as a basis to dismiss the state action since

---

[4] Defendants concede that the *Rooker-Feldman* doctrine does not apply because "at this point, there is no 'final' state court judgment[.]" (Reply to Mot. at 1.) The *Rooker-Feldman* doctrine precludes individuals from seeking review of state court judgments in federal district court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 465 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp,* 544 U.S. 280, 125 S. Ct. 1517, 1521-22 (2005). As the Seventh Circuit explained in *Gash Associates v. Village of Rosemont, Illinois*, 995 F.2d 726, 728 (1993) (internal citations omitted):
> The *Rooker-Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

5

she attested that she "never received any written communication regarding th[e] alleged debt prior to being served with this lawsuit[]" and that she only sent a written request for validation of the debt in February 2006 - ten months after defendants claim they provided notice of the debt, eight months after plaintiff allegedly received a telephone call regarding the debt, and almost two months after plaintiff was served with notice of the debt collection action in state court. (*Id.* at Ex. B ¶¶ 6-7.) Portfolio nonetheless responded that it sent the validation notice to plaintiff in April and thus the § 1692g(b) thirty day time period in which she could have disputed the debt in writing, forcing the debt collector to halt collection activity, expired. (Mot. to Dismiss Ex. C ¶¶ 5-9.); *cf. Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997) (discussing when a debt collector must cease collection activity). There is no evidence that the judge considered, let alone rendered a final judgment on, whether § 1692g(b) applied. In fact, defendants do not dispute plaintiff's assertion that "the judge found that the contradictory affidavits ... created a disputed issue of material fact that should not be decided on a motion to dismiss." (Resp. to Mot. to Dismiss at 3.) Therefore, it does not appear as though the § 1692g(b) issue was decided on its merits, a pre-requisite for invoking either of the preclusion doctrines.

Moreover, as Portfolio aptly recognized in response to the motion to dismiss, a violation of the FDCPA does not bar recovery on the underlying debt. (Mot. to Dismiss Ex. C at 5.) Portfolio correctly argued to the state court that

> [t]he claim under the FDCPA is a separate cause of action and does not serve as a discharge of the underlying debt. Furthermore, [Feltman] has merely alleged a violation of the FDCPA. [She] has not received any judgment nor has there been any ruling on the merits of a FDCPA claim.

(*Id.*); *cf. Orloff v. Syndicated Office Syst.,* No. 00 C 5355, 2003 WL 22100868, at *2 (E.D. Penn.

6

Aug. 20, 2003) ( "Evidence of Plaintiff's failure to pay Defendants money owed to them has no relevance on the issue of whether the Defendants' actions in collecting the debt violated federal law."). The state court did not provide an explanation as to the scope of or rationale for the denial of the motion to dismiss based on the FDCPA. (Mot. to Dismiss Ex. E ¶ 2 ("Defendant's motion to dismiss pursuant to 735 ILCS [§] 5/2-619 is denied[.]")) Nonetheless, it is clear that the state court did not rule on the merits of Feltman's FDCPA claim while deciding the motion.[5] *See Schor v. Abbott Labs.,* 378 F. Supp. 2d 850, 854 (N.D. Ill. 2005) ("More damaging to plaintiff's collateral estoppel argument, Judge Wilken did not hold that defendant was liable under this theory, but only that the plaintiffs in those cases had alleged sufficient facts to survive the motions to dismiss.") Absent a final judgment on the merits, neither the doctrine of collateral estoppel, nor *res judicata* apply.

**CONCLUSION**

For the reasons discussed above, the motion to dismiss is denied. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: August 16, 2006

---

[5] In discovering what issues were determined by the judgment in a prior action, the court in the second action is free to go beyond the judgment roll, and may examine the pleadings and the evidence in the prior action. And if the rendering court made no express findings on issues raised by the pleadings or the evidence, the court may infer that in the prior action a determination appropriate to the judgment rendered was made as to each issue that was so raised and the determination of which was necessary to support the judgment.

*Gildorn Savings Ass'n v. Commerce Savings Ass'n*, 804 F.2d 390, 395 (7th Cir. 1987).