UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDY L. FELTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 06 C 2379 |
| BLATT, HASENMILLER, LEIBSKER & | ) |
| MOORE, LLC, and PORTFOLIO | ) |
| ACQUISITIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER AND OPINION**

MARVIN E. ASPEN, District Judge:

Plaintiff Randy Feltman filed a seven count complaint against Defendants Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") and Portfolio Acquisitions, LLC ("Portfolio"), alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), 16 U.S.C. § 1692, *et seq.*, and the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. § 505/1, *et seq.*, and one count of invasion of privacy. (Am. Compl. ¶¶ 27-64.) Presently before us is BHLM's motion to dismiss counts I, II, III, and VI pursuant to Federal Rule of Civil Procedure 12(b)(6) and Portfolio's motion for partial judgment on the pleadings pursuant to Rule 12(c). For the reasons discussed below, we grant in part and deny in part their motions.

**BACKGROUND**

Portfolio, a debt collector, acquired a charge account from GE Capital Consumer Card Co. purportedly belonging to Feltman. (Am. Comp. ¶¶ 4, 6-7; BHLM Mem. at 1.) According to Portfolio, Feltman charged $6,324.96 on her GE Money Bank Card, but failed to make payments on the card. (BHLM Mem. at 1.) After contacting Feltman in an unsuccessful attempt to get her

to pay on the account, Portfolio, via BHLM, filed suit in the Circuit Court of Cook County, Illinois in June 2005, seeking collection on her account. (Am. Compl. ¶¶ 6-7; BHLM Mem. at 1.) On June 29, 2007, the Cook County court dismissed Portfolio's lawsuit with prejudice, holding that the complaint was time-barred. (Am. Compl. ¶ 24, Ex. 4; BHLM Mem. at 1-2.)

On April 28, 2006, before the Cook County court dismissed Portfolio's lawsuit, Feltman filed this case. (Mot. to File Am. Compl. ¶ 1.) The original complaint contained three counts. Feltman first claimed that Defendants violated § 1692e(8) of the FDCPA, which prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Feltman also alleged that Defendants violated § 1692g, which requires a debt collector to provide a written notice to the consumer containing the amount of the debt, the name of the creditor, and a statement notifying the consumer that she may, within thirty days of receipt of the notice, dispute the validity of the debt, after which the debt collector must mail verification of the debt to the consumer. 15 U.S.C. § 1692g. Finally, in the original complaint, Feltman also alleged that Defendants violated the ICFA, which prohibits a person from using "unfair or deceptive acts or practices . . . with intent that others rely upon the concealment, suppression or omission of such material act . . . in the conduct of any trade or commerce." 815 ILCS 505/2. Feltman claimed that Defendants made false misrepresentations regarding her debt and that they "intended that Plaintiff, the credit bureau and all people that review or might review Plaintiff's credit report rely on those misrepresentations." (Compl. ¶¶ 24-26.) We denied both Defendants' first motion to dismiss on August 16, 2006, holding that Feltman's suit was not precluded by *res judicata* or collateral

estoppel. *Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379, 2006 WL 2375379 (N.D. Ill. Aug. 16, 2006.) However, on September 28, 2006, we issued an order staying proceedings in this case pending resolution of the Cook County case. (Dkt. No. 25.) This case was stayed until we granted Feltman leave to amend her complaint on June 28, 2008. (Dkt. No. 48.)

In the Amended Complaint, Feltman alleges seven counts. She realleges the three counts in the initial complaint, and brings three additional counts under the FDCPA and one count of invasion of privacy. (Am. Compl. ¶¶ 27-64.) In Count I, Feltman now alleges that Defendants violated § 1692f of the FDCPA, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In particular, she alleges that Defendants violated § 1692f by filing a suit against her even though it was barred by the statute of limitations and based on a non-existent account stated, by suing without attaching the alleged account stated to the complaint, and by filing exhibits containing her social security without redacting it. (Am. Compl. ¶¶ 29-32.) Feltman also alleges, in Count II, that by filing suit against her and misrepresenting her alleged debt, Defendants violated § 1692e(2)(A) of the FDCPA, which prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). (*See* Compl. ¶¶ 34-39.) Additionally, in Count III, Feltman alleges that Defendants violated § 1692d of the FDCPA, prohibiting a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, when it filed exhibits in the Cook County case without redacting Feltman's social security number. (Am. Compl. ¶ 42.) Finally, in Count VI, Feltman alleges that Defendants' disclosure

of her social security number constituted invasion of privacy under Illinois law. After Feltman filed her Amended Complaint, Portfolio filed its answer (Dkt. No. 58) and BHLM moved to dismiss the case (Dkt. No. 60). BHLM now moves to dismiss, and Portfolio moves for partial judgment on the pleadings, arguing that Counts I, II, III, and VI are time-barred and do not relate back to the original complaint, and that Counts III and VI also fail to state a claim. (BHLM Mem. at 4-9.) Although Defendants filed separate motions, Portfolio's motion incorporated all of BHLM's arguments. (Portfolio Mot. at 2.) Accordingly, our discussion will rely primarily upon BHLM's motion.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, a court may grant a motion to dismiss under Federal Rule of Procedure 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A sufficient complaint need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1964-65 (2007); *Killingsworth*, 507 F.3d at 618-19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *see also* Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all

well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

A motion for judgment on the pleadings pursuant to Rule 12(c) may be granted only if no material issues of fact remain to be resolved between the parties. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Unlike a summary judgment motion, Rule 12(c) permits us to consider the pleadings and any written instruments attached as exhibits, but no additional evidence. *Northern Indiana Gun & Outdoor Shows, Inc. v. South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The burden of establishing the absence of a material issue of fact, however, falls on the movant, and we are obligated to view the facts in the light most favorable to the non-moving party. *Id.* In this way, the standard of review for Rule 12(c) motions is similar to that of a Rule 12(b) motion to dismiss.

## DISCUSSION

### I. Counts I and II – 15 U.S.C. §§ 1692f & 1692e(2)(A)

Defendants argue that Counts I and II are time-barred, and the allegations do not relate back to the original complaint. (BHLM Mem. at 3-5.) The FDCPA has a one year statute of limitations. 15 U.S.C. § 1692k(d). Counts I and II of Feltman's Amended Complaint allege that Defendants violated the FDCPA by filing the Cook County suit and by taking other action related to that suit. (*See* Am. Compl. ¶¶ 27-39.) The alleged violations found in Counts I and II occurred in June 2005, when Defendants filed the Cook County suit. Feltman filed her Amended Complaint on July 24, 2008, more than three years after the alleged violations occurred. Although filed outside of the statute of limitations, the new allegations are not time-barred if they "relate back" to the filing of the original complaint. Fed. R. Civ. P. 15(c).

Federal Rule of Civil Procedure 15(c) establishes that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1). "In general, relation back is permitted . . . where an Amended Complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of Am.*, 93 F. 3d 372, 379 (7th Cir. 1996); *see also Donnelly v. Yellow Freight Sys., Inc.* 874 F.2d 402, 410 (7th Cir. 1989), *aff'd on other grounds*, 494 U.S. 820, 110 S. Ct. 1566 (1990); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993). Therefore, "a new substantive claim that would otherwise be time-barred relates back to the date of the new original pleading, provided the new claim stems from the same 'conduct, transaction, or occurrence' as was alleged in the original complaint." *Bularz*, 93 F.3d at 379 (internal citation omitted). The claim does not have to be based on an identical theory of recovery for relation back to apply. *Id.* Although the Rule does not explicitly require that the defendants must be on notice of the new substantive claim for it to relate back, many courts have recognized that notice is an important consideration. *See, e.g.*, *Staren v. Am. Nat'l Bank & Trust Co. of Chi.*, 529 F.2d 1257, 1263 (7th Cir. 1976) ("[Notice is the critical element involved in Rule 15(c) determinations."); *Pasulky v. Marshall Field & Co.*, 494 F. Supp. 687, 688 (N.D. Ill. 1980); *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968) ("The purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation."). Additionally, in determining whether an Amended Complaint relates back, "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the

general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." *Staren*, 529 F.2d at 1263.

Feltman's original complaint contained three counts that were based on the following allegations: Defendants failed to inform consumer reporting agencies that Feltman disputed the debt (Compl. ¶ 16); Defendants failed to provide Feltman with the statutorily required notice that she could demand validation of the debt (Compl. ¶ 19); and in its course of business, Defendants made false representations regarding the alleged debt (Compl. ¶ 24). Essentially, Feltman alleged that in the course of attempting to collect her debt, Defendants committed several violations of the FDCPA and the ICFA. The original complaint discussed the Cook County suit, claimed that the Cook County complaint did not provide § 1692g notice, mentioned that in response to the suit, Feltman's attorney sent a letter to BHLM disputing the debt, and explained that Feltman filed a motion to dismiss the suit. (Compl. ¶¶ 7-12.) Defendants argue that the Amended Complaint does not relate back to the original Complaint because the claims in the Amended Complaint – specifically those alleging that the Defendants violated the FDCPA by suing Feltman in Cook County, amending the Cook County complaint, failing to attach the account stated to any of the Cook County complaints, and filing Feltman's social security number on exhibits in the suit without redacting it – are not "based on the 'same core of facts . . . [as] that advanced in the original pleading.'" (Reply at 5 (quoting *Bularz*, 93 F.3d at 379).) We disagree with Defendants. Neither the facts, nor the theory of recovery, in the Amended Complaint have to be identical to those in the original complaint for the new claims to relate back. *Bularz*, 93 F.3d at 379. Although the specific debt collection practices complained of here were separate acts from those complained of in the original complaint, the new claims are

based on Defendants' continued debt collection practices, were mentioned in the original complaint, and arise out of the same "conduct, transaction or occurrence" as those alleged in the original complaint.[1]  We conclude that Counts I and II relate back to the original complaint and are thus not time-barred.  Therefore, BHLM's motion to dismiss and Portfolio's motion for judgment on the pleadings for Counts I and II are denied.

## II.  Count III – 15 U.S.C. § 1692d

Feltman alleges in Count III that Defendants violated § 1692d of the FDCPA by filing her social security number in multiple exhibits in the Cook County suit without redacting it. (Am. Compl. ¶¶ 40-43.)  Defendants argue that Count III is time-barred and that Feltman fails to state a claim for recovery under § 1692d.  (BHLM Mem. at 6.)

In the course of the Cook County lawsuit, Defendants submitted exhibits containing Feltman's social security number on multiple occasions, the final submission of which was on July 26, 2007.  (Am. Compl. ¶¶ 25-26.)  Defendants argue that the statute of limitations began to run on the date of its initial submission of Feltman's social security number and that each subsequent filing did not constitute a "fresh" violation from which to measure the statute of limitations.  (BHLM MEM. at 6.)  Feltman recognizes that the first three instances fall outside of

---

[1] Defendants question Feltman's delay in seeking to amend her complaint and suggest that the amount of time passed is unreasonable.  (Reply at 3-4.)  Defendants cite *Springman v. AIG Mktg.*, 523 F.3d 685, 688-89 (7th Cir. 2008) for the proposition that relation back only applies if the plaintiff "could not reasonably be expected to have [amended her complaint] sooner."  (Reply at 4 (quoting *Springman*, 523 F.3d at 688-89).)  However, *Springman* addresses Rule 15(c)(1)(C), the specific provision addressing relation back when the Amended Complaint changes a party, not Rule 15(c)(1)(B), which governs relation back for new substantive claims and is at issue here.  *Springman*, 523 F.3d at 688.  Moreover, even if we were to agree that the same reasoning applies to Rule 15(c)(1)(B), we cannot conclude that Feltman was not reasonably diligent.  Although she waited over two years to amend her complaint, we issued an order staying proceedings in this case in September 2006.

the FDCPA's one-year statute of limitations, but argues that the final instance is within the limitations period.[2] (Resp. at 6.) Defendants argue that there is no authority that supports Feltman's argument that Defendants' behavior satisfies the standard of § 1692d. (*See* BHLM Mem. at 7.) We agree with Defendants that their first submission of Feltman's unredacted social security number is the submission that matters for measuring the statute of limitations; the additional submissions do not constitute new violations. *See, e.g.*, *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 C 0990, 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (holding that the date a lawsuit was filed was the date that triggered the statute of limitations and that filing additional motions and/or Amended Complaints did not constitute "fresh" violations). Feltman argues the further disclosure of her social security number was similar to subsequent harassing letters or phone calls, which establish independent acts from which the statute of limitations can be measured. (Resp. at 7.) However, any possible harm to Feltman that would have established harassing, abusive, or oppressive conduct would have occurred the first time her social security number was disclosed. Once her social security number was disclosed, any possible harm from further disclosure was already complete and the additional instances could not inflict further damage. Therefore, this claim is time-barred.

Even if Feltman's claim were not time-barred, we question whether § 1692d was meant to allow a plaintiff to sue for filing, in connection with a suit to collect the underlying debt, exhibits containing the plaintiff's unredacted social security number. According to the Seventh Circuit, to satisfy the elements of § 1692d, a plaintiff must demonstrate that Defendant's

---

[2] Feltman did not argue that the first three instances relate back to the original complaint. Although we recognize that this is inconsistent with her relation back argument for Counts I and II, it does not change our analysis of those counts.

behavior was "in connection with the collection of a debt," and that "the natural consequence" of that behavior is to abuse, harass, or oppress. *Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769, 774 (7th Cir. 2003). Like Defendants, we have not found a case applying § 1692d to the type of behavior at issue here. However, courts have held that threatening to file suit and filing a time-barred suit to collect a debt does not constitute conduct, the natural consequence of which is to harass, abuse, or oppress. *See, e.g.*, *Jones v. Weiss, Neuron & Neuron*, 95 F. Supp. 2d 105, 109 (N.D.N.Y. 2000); *Johnson v. Capital One Bank,* No. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000) (holding that threats to sue on a twenty-year-old debt were not harassing under § 1692d); *Simmons v. Miller*, 970 F. Supp. 661, 666 (S.D. Ind. 1997) (although allegedly time-barred, collection suit did not constitute harassing conduct under § 1692d); *Graziano v. Harrison*, 763 F. Supp. 1269, 1281 (D.N.J. 1991), *rev'd in part, vacated in part on other grounds*, 950 F.2d 107 (3d Cir. 1991). If threats to file a lawsuit and actually filing a time-barred lawsuit do not constitute harassing conduct under § 1692d, we do not think that filing an exhibit in a lawsuit is conduct, the natural consequence of which is to harass, abuse or oppress. The document containing Feltman's social security number was a copy of the application for credit at issue in the case, was relevant to the case, and was legitimately filed. Although we understand Feltman's concern that her social security number may have been disclosed, we note that the case never went to trial, so it is unlikely that anyone outside of the clerk's office or the judge's chambers saw the documents at issue.[3] Moreover, this is simply not the type of behavior

---

[3] We note that the Electronic Access Policy for Circuit Court Records of the Illinois Courts suggests that Feltman's social security number would also be restricted from electronic access. *See* Electronic Access Policy for the Circuit Court Records of the Illinois Courts, Administrative Office of the Illinois Courts, at § 4.30(b) (2004), *available at* http://www.state.il.us/court/SupremeCourt/Policies/Pdf/PubAccess.pdf.

contemplated by § 1692d. Therefore, we grant Defendants' motions regarding Count III.

**B. Count VI – Invasion of Privacy**

Feltman's Amended Complaint also added a count of invasion of privacy under Illinois law. (Am. Compl. ¶¶ 53-56.) Feltman alleges that by disclosing her social security number, Defendants committed the tort of public disclosure of a private fact. (*Id.*) Defendants argue, however, that we should dismiss this claim because it is time-barred and because Feltman fails to state a claim for public disclosure of private facts. (BHLM Mem. at 7-8.) Specifically, Defendants claim that a social security number is not a private fact and that the complaint fails to plead that Feltman's social security number was not of legitimate public concern. Because Feltman has failed to state a claim for public disclosure of private facts, we need not decide whether the claim was time-barred.

In Illinois, "[a] successful cause of action for the public disclosure of private facts requires the plaintiff to prove that: (1) publicity was given to the disclosure of private facts; (2) the facts were private and not public facts; and (3) the matter made public would be highly offensive to a reasonable person." *Wynne v. Loyola Univ. of Chi.*, 318 Ill. App. 3d 443, 453, 741 N.E.2d 669, 676-77 (1st Dist. 2000); *Johnson v. K Mart Corp.*, 311 Ill. App. 3d 573, 579, 723 N.E.2d 1192, 1197 (1st Dist. 2000); *Miller v. Motorola, Inc.*, 202 Ill. App. 2d 976, 978, 560 N.E.2d 900, 902 (1st Dist. 1990). Social security numbers, however, are not private facts under Illinois law. *See Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 72-73, 813 N.E.2d 1013, 1017-18 (1st Dist. 2004) (holding that social security numbers are not private facts for the privacy tort of intrusion upon seclusion). Although Feltman correctly points out that *Busse* was a case involving the tort of intrusion upon seclusion and not public disclosure of facts, we find that

distinction irrelevant. Both torts are invasion of privacy torts, with the key element being the existence of private facts. *See, e.g.*, *Busse*, 351 Ill. App. 3d at 71-72, 813 N.E.2d at 1017. Furthermore, in determining whether social security numbers were private facts, the court in *Busse* looked to the definition of "private facts" in public disclosure of private facts cases, demonstrating that the element is the same in both torts. *Id.* at 72, 813 N.E.2d at 1018 (citing *Geisberger v. Willuhn*, 72 Ill. App.3d 435, 439, 390 N.E.2d 945, 948 (2d Dist. 1979)). Because Illinois law indicates that social security numbers are not private facts for purposes of this tort, Feltman has failed to state a claim in Count VI. We therefore grant Defendants' motions regarding Count VI.

## CONCLUSION

For the reasons set forth above, we grant in part and deny in part BHLM's motion to dismiss and Portfolio's motion for partial judgment on the pleadings. Specifically, we grant their motions with respect to Counts III and VI, but deny them as to Counts I and II. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Date: December 11, 2008