UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RANDY L. FELTMAN, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 06 C 2379 |
| BLATT, HASENMILLER, LEIBSKER & | ) |
| MOORE, LLC, and PORTFOLIO | ) |
| ACQUISITIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Plaintiff Randy Feltman filed a seven count amended complaint against Defendants Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") and Portfolio Acquisitions, LLC ("Portfolio"), alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), 16 U.S.C. § 1692, *et seq.*, and the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. § 505/1, *et seq.*, and one count of invasion of privacy. (Am. Compl. ¶¶ 27–64.) We dismissed two counts and the parties completed discovery. Presently before us is Feltman's motion for leave to file a second amended complaint, adding two new claims for violations of the FDCPA and ICFA. For the reasons discussed below, we grant the motion.

### BACKGROUND

Portfolio, a debt collector, acquired a charge account from GE Capital Consumer Card Co. purportedly belonging to Feltman. (2d Am. Compl. ¶¶ 4, 6–7.) According to Portfolio, Feltman charged $6,324.96 on her GE Money Bank Card but failed to make payments on the card. (2d Am. Compl. ¶ 9.) BHLM contacted Feltman in an attempt to collect the charged

amount in November 2000, at which time Feltman disputed the charge and demanded verification of the debt. (2d Am. Compl. ¶ 45.) Defendants did not provide verification, and after an apparent five-year gap in communication, in June 2005 BHLM, acting for Portfolio, telephoned Feltman in an attempt to collect on the account. (2d Am. Compl. ¶ 6.) Feltman denied owing the debt, and Portfolio, via BHLM, filed suit in the Circuit Court of Cook County, Illinois, in June 2005, seeking collection on the account. (2d Am. Compl. ¶¶ 6–7.) On June 29, 2007, the Cook County court dismissed Portfolio's lawsuit with prejudice, holding that the complaint was time-barred. (2d Am. Compl. ¶ 24, Ex. 5.)

On April 28, 2006, before the Cook County court dismissed Portfolio's lawsuit, Feltman filed this case, the history of which is detailed in the Court's previous opinion. *Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379, 2008 WL 5211024, at *1–2 (N.D. Ill. Dec. 11, 2008). To review, after Feltman's original complaint survived a motion to dismiss, *Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379, 2006 WL 2375379 (N.D. Ill. Aug. 16, 2006), we issued an order staying proceedings in this case pending resolution of the Cook County case. (Dkt. No. 25.) The case remained stayed until we granted Feltman leave to amend her complaint in June 2008. (Dkt. No. 48.) Feltman's amended complaint contained seven counts alleging violations of the FDCPA and ICFA and invasion of privacy. (Am. Compl. ¶¶ 27–64). Defendants moved to dismiss the complaint and for judgment on the pleadings, which we granted in part, dismissing one FDCPA count as time-barred and the invasion of privacy count for failure to state a claim. *Feltman,* 2008 WL 5211024. The parties completed discovery.

Feltman now moves for leave to file a second amended complaint. The second amended

complaint contains two new counts: Count IV and Count V.[1]  Count IV alleges violation of § 1692g(b) of the FDCPA, which requires a debt collector, after a consumer disputes a debt, to provide verification of the debt to the consumer or cease collection of the debt.  (2d Am. Compl. ¶¶ 42–46.)  Feltman alleges that she disputed the debt in November 2000, that Defendants never verified the debt, but that Defendants resumed attempts to collect on the debt in June 2005.  (2d Am. Compl. ¶¶ 44–45.)  Count V alleges violation of § 505/2 of the ICFA, which prohibits false or misleading misrepresentations or omissions and unfair business practices.  (2d Am. Compl. ¶¶ 47–55.)  Feltman alleges that Defendants made false representations regarding the existence of the debt at issue and that Defendants' time-barred lawsuit constituted an unfair business practice. (2d Am. Compl. ¶¶ 49–50.)

BHLM opposes Feltman's motion for leave to file a second amended complaint because the "amended complaint would substantially alter two of the five claims in the operative complaint, because discovery has already been completed in this action, and because these new counts are based on information that was available to Plaintiff when this case was filed in 2006 . . . ."  (BHLM Resp. ¶ 1.)  BHLM also asserts that it would be prejudiced if the second amended complaint is permitted.  (BHLM Resp. ¶ 11.)  Finally, BHLM asserted at the last hearing, but not in its brief, that it opposes the motion because it believes the new claims are time-barred.

## DISCUSSION

Generally, a motion for leave to amend is liberally granted.  *See* Fed. R. Civ. P. 15.  The

---

[1] In addition to adding two new claims in the second amended complaint, Feltman abandons two claims in light of a recent Illinois Appellate decision.  (Mot. ¶ 2.)

decision to grant or deny a motion for leave to amend is "a matter purely within the sound discretion of the district court." *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991). Proper reasons for denying leave to amend include "undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the argument . . . ." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *see Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

**1.    Futility**

An amendment adding only time-barred claims is futile. *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) ("A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations."); *see also Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (amendment is futile if it cannot withstand summary judgment); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 975 (7th Cir. 2001) (amendment is futile if it cannot withstand a motion to dismiss). The FDCPA has a one-year statute of limitations, 15 U.S.C. § 1692k(d), and the ICFA has a three-year statute of limitations, 815 ILCS § 505/10a(e). Feltman's two new claims arise from Defendants' attempt to collect the alleged debt via telephone in early June 2005 and the subsequent lawsuit filed in Cook County on June 7, 2005. She requested leave to file a second amended complaint on August 6, 2009, over four years after the new claims arose and outside the limitations period for either claim. Feltman's original complaint, however, was filed in April 2006, within both limitations periods. Therefore, the new allegations in the second amended complaint will not be time-barred if they relate back to the date of the original complaint. Fed. R. Civ. P. 15©.

Federal Rule of Civil Procedure 15© establishes that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). "In general, relation back is permitted . . . where an Amended Complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996); *see also Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993). Therefore, "a new substantive claim that would otherwise be time-barred relates back to the date of the new original pleading, provided the new claim stems from the same 'conduct, transaction, or occurrence' as was alleged in the original complaint." *Bularz*, 93 F.3d at 379 (internal citation omitted). Additionally, in determining whether an amended complaint relates back, "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." *Staren v. Am. Nat'l Bank & Trust Co. of Chi.*, 529 F.2d 1257, 1263 (7th Cir. 1976).

Feltman's original complaint contained three counts that were based on the following allegations: Defendants failed to inform consumer reporting agencies that Feltman disputed the debt (Compl. ¶ 16); Defendants failed to provide Feltman with the statutorily required notice that she could demand validation of the debt (Compl. ¶ 19); and in its course of business, Defendants made false representations regarding the alleged debt (Compl. ¶ 24). Essentially, Feltman claims that in the course of attempting to collect her debt, Defendants committed several violations of the FDCPA and the ICFA. The original complaint discussed the early June 2005 telephone call

and the Cook County suit from which arise the two new claims in the second amended complaint. (Compl. ¶¶ 7–12.)

Because BHLM has not briefed this issue, we cannot be certain on what theory they believe the new claims do not relate back to the original complaint. The new claims arise from the same June 2005 debt collection activity as claims in the first amended complaint that we previously held to relate back to the original complaint. *Feltman,* 2008 WL 5211024, at *3–4. As we noted then, "[a]lthough the specific debt collection practices complained of here were separate acts from those complained of in the original complaint, the new claims are based on the Defendants' debt collection practices, were mentioned in the original complaint, and arise out of the same 'conduct, transaction or occurrence' as those alleged in the original complaint." *Id*. at 4. The same is true now.

BHLM stresses that the November 2000 dispute letter from Feltman was sent nine years prior to the filing of the amended claim. (Resp. ¶ 2 ("This claim arises out of a dispute letter that Plaintiff purportedly authored and sent in November 2000, *nine years ago*.") (emphasis in original).) It is unclear what significance BHLM places on this fact. The November 2000 letter relates only to Count IV, and the FDCPA statute of limitations begins to run on the date the alleged violation occurs. 15 U.S.C. § 1692k(d). In this case, although the November 2000 dispute letter triggered the statute's verification requirement, the alleged violation of the statute occurred when Defendants attempted to collect the debt in June 2005 without first providing verification. Therefore, the new FDCPA cause of action in Count IV accrued in June 2005, less than one year prior to the filing to the original complaint. We conclude that Counts IV and V of the second amended complaint relate back to the original complaint and thus are not time-barred.

**2.      Undue Delay and Undue Prejudice**

Regarding Count IV, BHLM also argues that Feltman's motion for leave to amend should be denied because of undue delay.  While BHLM argues that Feltman "*stalled in bringing this claim* until nearly *four years* after filing this action, until nearly *four months* after the underlying document was produced, until after all key depositions had taken place, and until *several months* after discovery closed," (Resp. ¶ 5 (emphasis in original)), they cite no legal authority to support their request for denying leave to amend.  We are not convinced by BHLM's emphatic prose that Feltman has intentionally stalled in bringing this new claim.  They have made no recognizable legal argument for undue delay and we will not make one for them.

Finally, BHLM argues that we should deny Feltman's motion because permitting the amendment would unduly burden Defendants.  BHLM claims it will need to redepose Feltman and possibly other parties regarding the two new claims.  (Resp. ¶ 11.)   It is dubious whether new depositions would be necessary considering that Feltman has already been deposed on the only significant new factual allegation raised in the second amended complaint, namely the existence of the November 2000 letter.  (Reply at 3.)  In any case, if new minimal discovery is required it surely will not create a sufficient burden on Defendants to override Rule 15's liberal amendment policy.  We therefore grant Feltman's motion.

## CONCLUSION

For the reasons set forth above, we grant Feltman's motion. BHLM is to file its responsive pleading on or before October 9, 2009. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Date: September 25, 2009